IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| In re: | ) | |
|---|---|---|
| | ) | Case No. 09-06989-8-JRL |
| COOPERATIVE BANKSHARES, INC. | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

## NOTICE OF REMOVAL

NOW COMES James B. Angell, chapter 7 trustee for Cooperative Bankshares, Inc. (hereinafter "Trustee"), by and through undersigned counsel, and gives notice of removal of this civil action to the United States Bankruptcy Court for the Eastern District of North Carolina, Wilmington Division, and pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 states the following:

1. The Debtor filed a petition for relief under chapter 7 of title 11, United States Code, in the United States Bankruptcy Court for the Eastern District of North Carolina, New Bern Division on August 19, 2009.

2. This civil action is being removed to the United States Bankruptcy Court for the Eastern District of North Carolina pursuant to 28 U.S.C. §§1452(a), Fed.R.Bankr.P. 9027 and the standing order of the United States District Court.

3. This civil action is a core proceeding under 28 U.S.C. §§157(b)(2)(A), (B) and (O).

4. The Debtor is entitled to the removal of this civil action pursuant to 28 U.S.C. §1452(a), in that the bankruptcy court to which it is removed has jurisdiction

over this civil action pursuant to 28 U.S.C. §1334 and this matter arises in and relates to the Debtor's chapter 11 bankruptcy case.

5. The civil action sought to be removed is styled William J. Connors, Fred A. Barnette, H. Spencer Everett, Jr. v. Cooperative Bankshares, Inc. d/b as Cooperative Bank, Directors: F. Peter Fensel, Jr., James D. Hundley, H. Thompson King III, R. Allen Rippey, Frederick Willetts, III and O. Richard Wright, Jr., in the North Carolina Court of General Justice, Superior Court Division, New Hanover County, Case No. 09 CVS 06005. Copies of all process and pleadings are attached to this filing collectively as Exhibit A. (the Notice of Removal as originally filed in the Superior Court for Carteret County does not have the exhibits attached since the court record constitutes the exhibits.)

This the 16th day of December, 2009.

HOWARD, STALLINGS, FROM & HUTSON, P.A.

By: _____
James B. Angell
NC State Bar No. 12844
Philip W. Paine
NC State Bar No. 31710
Attorneys for the Debtor
Post Office Box 12347
Raleigh, North Carolina 27602
(919) 821-7700

EXHIBIT A

# STATE OF NORTH CAROLINA

File No. 09 CV 006003

County: New Hanover

FILED 2009 DEC -9 PM 4:02
NEW HANOVER COUNTY C.S.C.
BY: _____

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
William J. Connors, Fred A Barnette, H. Spencer Everett, Jr

**Address**
1321 South Moorings Drive

**City, State, Zip**
Wilmington, NC 28405

## VERSUS

**Name Of Defendant(s)**
Cooperative Bankshares, Inc., Peter Fensel Jr., James D. Hundley
H. Thompson King III, R. Allen Rippy, Frederick Willetts III et al

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

**Date Original Summons Issued**
12-09-2009

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
R. Allen Rippy
101 Circle Drive
Wilmington, NC 28403

**Name And Address Of Defendant 2**
O. Richard Wright Jr.
202 Lewis Street
Tabor City, NC 28465²

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)**
William J. Connors, Fred A Barnette, H. Spencer Everett, Jr.
1321 South Moorings Drive
Wilmington, NC 28405

**Date Issued**: 12/9/09    **Time**: 4:07  ☐ AM ☒ PM

**Signature**: D Nicole Christopher
☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**: _____  **Time**: _____  ☐ AM ☐ PM
**Signature**: _____
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts
(Over)

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: ____, Assistant Deputy, Clerk Superior Court

Dec. 11. 2009 5:22PM   THE McGOUGAN LAW FIRM   No. 6491   P. 3

| RETURN OF SERVICE |
|---|
| I certify that this Summons and a copy of the complaint were received and served as follows: |

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

DEC-16-2009 WED 11:28 AM    BLOCK CROUCH KEETER    FAX No. 910 846 3000    P. 015
Case 09-00289-8-JRL    Doc 1    Filed 12/17/09    Entered 12/17/09 12:07:18    Page 5 of 14

Dec. 11. 2009  5:22PM    THE McGOUGAN LAW FIRM                    No. 6491    P. 4

WILLIAM J. CONNORS    FILED
1321 South Moorings Drive
Wilmington, NC 28405    2009 DEC -9 PM 4:06
910-509-1736

NEW HANOVER COUNTY, C.S.C.    IN THE GENERAL COURT OF JUSTICE
William J. Connors                                SUPERIOR COURT DIVISION
Fred A. Barnette    BY_____    NEW HANOVER COUNTY

and

H. Spencer Everett, Jr.

      Plaintiffs,

v.

                            DOCKET NO.:

                            CIVIL ACTION

                            COMPLAINT

Cooperative Bankshares Inc., D/B
As Cooperative Bank, Directors:
F. Peter Fensel Jr., James D.
Hundley, H. Thompson King III,    A TRUE COPY
R. Allen Rippy, Frederick Willetts III    CLERK OF SUPERIOR COURT
and O. Richard Wright Jr.    NEW HANOVER COUNTY

      Defendants

---

The Plaintiffs, William J. Connors, Fred A. Barnette and H. Spencer Everett, Jr.,

complaining of the above Defendants, Cooperative Bankshares Inc., Cooperative Bank,

1

DEC-16-2009 WED 11:28 AM    BLOCK CROUCH KEEFER    FAX No. 910 846 2000    P. 016
Case 09-00289-8-JRL    Doc 1    Filed 12/17/09    Entered 12/17/09 12:07:10    Page 6 of 14

Dec.11. 2009  5:23PM    THE McGOUGAN LAW FIRM    No.6491  P. 5

and Directors: F. Peter Fensel Jr., James d. Hundley, H. Thompson King III, R. Allen Rippy, Frederick Willets III, and O. Richard Wright Jr. state that:

1. Plaintiffs, (hereafter sometimes referred to as "Shareholders") are William J. Connors, hereafter, who lives at 1321 South Moorings Drive; Fred A. Barnette who lives at 1924 London Lane, and H. Spencer Everett, Jr., who lives at 1511 Pembroke Jones Drive, all in Wilmington, North Carolina 28405.

2. The Defendant Cooperative Bankshares Inc., hereinafter referred to as the "Company" was duly incorporated in the State of North Carolina on April 21, 1994, authorized to conduct business as Cooperative Bank, hereinafter referred to as the "Bank" with its principal office located at 201 Market Street, Wilmington, North Carolina.

3. The Defendant Directors, hereinafter referred to as the "Board of Directors" are:

F. Peter Fensel Jr. presently residing at 2502 Highland Drive, Wilmington, North Carolina;

James D. Hundley, presently residing at 1117 Windsor Drive, Wilmington, North Carolina;

H. Thompson King III, presently residing at 2602 Park Avenue, Wilmington, North Carolina;

O. Richard Wright Jr., presently residing at 202 Lewis Street, Tabor City, North Carolina;

R. Allen Rippy, presently residing at 101 Circle Drive, Wilmington, North Carolina; and

Frederick Willetts III, presently residing at 1110 Windsor Drive, Wilmington, North Carolina.

DEC-16-2009 WED 11:28 AM    BLOCK CROUCH KEETER    FAX No. 910 846 3000    P. 017
Case 09-00289-8-JRL    Doc 1    Filed 12/17/09    Entered 12/17/09 12:07:18    Page 7 of 14

Dec.11. 2009  5:23PM    THE McGOUGAN LAW FIRM                        No.6491    P. 6

4. The Plaintiffs state that the Directors and Officers of the Company did operate the Bank in a reckless, wonton and/or negligent manner under unsafe and unsound banking practices in violation of State and Federal banking regulations all to the financial and economic detriment of the Bank and Shareholders.

5. The Board of Directors was reckless, wonton, and/or negligent for failing to provide adequate supervision over, and direction to the officers and management staff of the Bank, all to the financial and economic detriment of the Bank and Shareholders.

6. The Board of Directors was reckless, wonton, and/or negligent in operating the Bank with management policies and practices that were detrimental to the Bank, and jeopardized the safety of its deposits, all to the financial and economic detriment of the Bank and Shareholders.

7. The Board of Directors was reckless, wonton, and/or negligent permitting the Bank to operate with inadequate equity capital and reserves in relation to the volume and quality of assets held by the Bank, all to the financial and economic detriment of the Bank and Shareholders.

8. The Board of Directors was reckless, wonton, and/or negligent in evaluating and granting substantial loans to individuals, companies and corporations without sufficient financial documentation, collateral and justification, resulting in substantial losses, all to the financial and economic detriment to the Bank and Shareholders.

9. The Board of Directors was reckless, wonton, and/or negligent in operating the bank with larger than acceptable volume of poor quality loans resulting in large losses, all to the financial and economic detriment of the Bank and Shareholders.

DEC-16-2009 WED 11:28 AM  BLOCK CROUCH KEETER  FAX No. 910 346 3099  P. 018
Case 09-00289-8-JRL    Doc 1    Filed 12/17/09    Entered 12/17/09 12:07:18    Page 8 of 14

Dec. 11. 2009  5:23PM    THE McGOUGAN LAW FIRM                              No. 6491   P. 7

10. The Board of Directors was reckless, wonton, and/or negligent in operating the Bank in such manner as to produce large operating losses, all to the financial and economic detriment of the Bank and Shareholders.

11. The Board of Directors was reckless, wonton, and/or negligent in operating the Bank with an inadequate allowance for loan and lease losses resulting in large losses, all to the financial and economic detriment of the Bank and Shareholders.

12. The Board of Directors was reckless, wonton, and/or negligent in operating the Bank with ineffective and hazardous lending and lax collection practices resulting in large losses, all to the financial and economic detriment of the Bank and Shareholders.

13. The Board of Directors was reckless, wonton, and/or negligent in failing to maintain adequate documentation in its loan files in order to properly monitor each loan resulting in large losses, all to the financial and economic detriment of the Bank and Shareholders.

14. The Board of Directors was reckless, wonton, and/or negligent in operating with inadequate liquidity and funds management practices and supervision resulting in large losses, all to the financial and economic detriment of the Bank and Shareholders.

15. The Board of Directors was reckless, wonton, and/or negligent in permitting the Bank to operate with an excessive interest rate sensitivity risk resulting in large losses, all to the financial and economic detriment of the Bank and Shareholders.

16. The Board of Directors was reckless, wonton, and/or negligent in permitting the Bank to operate without sufficient supervision under and inadequate and incomplete loan policy resulting in large losses, all to the financial and economic detriment of the Bank and Shareholders.

DEC-16-2009 WED 11:29 AM  BLOCK CROUCH KEETER  FAX NO. 910 846 3000  P. 019
Case 09-00289-8-JRL  Doc 1  Filed 12/17/09  Entered 12/17/09 12:07:18  Page 9 of 14

Dec. 11. 2009  5:23PM  THE McGOUGAN LAW FIRM  No. 6491  P. 8

17. The Board of Directors was reckless, wonton, and/or negligent in permitting the Bank to operate without proper supervision, with inadequate policies and procedures to monitor and control asset growth resulting in large losses, all to the financial and economic detriment of the Bank and Shareholders.

18. The Board of Directors was reckless, wonton, and/or negligent in permitting the Bank to operate without a proper business strategy that resulted in unprofitable operations and poor asset quality resulting in large losses, all to the financial and economic detriment of the Bank and Shareholders.

19. The Board of Directors was reckless, wonton, and/or negligent in permitting the Bank to operate without proper supervision, with inadequate and inefficient internal auditing programs resulting in large losses, all to the financial and economic detriment of the Bank and Shareholders.

20. The Board of Directors was reckless, wonton, and/or negligent in failing to develop and approve sound policies and objectives for the supervision of all Bank activities, consistent with the role and expertise commonly expected for directors of banks of comparable size resulting in large losses, all to the financial and economic detriment of the Bank and Shareholders.

21. The Board of Directors was reckless, wonton, and/or negligent in failing to hold regular, special and monthly meetings to review and approve: new loans and mortgages; reports of income and expenses; new, overdue, renewal, insider, charged-off and recovered loans; investment activity; operating policies, personnel assessment, and individual committee actions which inefficiencies resulted in large losses, all to the financial and economic detriment of the Bank and Shareholders.

DEC-16-2009 WED 11:29 AM  BLOCK CROUCH KEETER    FAX No. 910 846 3080    P. 020
Case 09-00289-8-JRL   Doc 1  Filed 12/17/09   Entered 12/17/09 12:07:16   Page 10 of 14

Dec. 11. 2009  5:23PM    THE McGOUGAN LAW FIRM                No. 6491   P. 9

22. The Board of Directors was reckless, wonton, and/or negligent in failing to develop, adopt, and implement educational programs for periodic training for each member of the Board, officers and staff. The failure to develop these training programs resulted in inefficient or poor practices in lending and operations, and non-compliance with laws, rules and regulations applicable to banks chartered in North Carolina; and the poor and inefficient execution of the duties and responsibilities of the Board in connection with the safe and sound operation of the Bank resulted in large losses, all to the financial and economic detriment of the Bank and Shareholders.

23. The Board of Directors was reckless, wonton, and/or negligent in screening, selecting, and supervising the officers and senior management staff of the Bank in conducting their daily duties and assignments which resulted in large losses, all to the financial and economic detriment of the Bank and Shareholders.

24. As result of the Board of Directors' reckless, wonton and/or negligent actions, the Bank failed and on Friday, June 19, 2009, Cooperative Bank was seized and closed by the North Carolina Commissioner of Banks. Subsequently, the Federal Deposit Insurance Corporation (FDIC) was named Receiver, and sold the Bank to First Bank, which resulted in zero value for all shares of stock of the Bank.

25. The Plaintiffs were shareholders of the Bank, and suffered financial and economic losses as the market value of the Bank's stock declined as it deteriorating financial condition was reflected in the marketplace and finally when the Bank was seized and sold as a result of the aforementioned reckless, wonton and/or negligent actions of the Board of Directors, thereby making their shares of stock of the Bank worthless.

WHEREFORE, the Plaintiffs pray the Court that:

1. They recover a judgment against Defendants in the amount of $250,000, plus interest accruing from June 30, 2009;

2. They recover their costs and expenses of this action from Defendants;

3. They recover any further relief that the Court deems appropriate.

## JURY DEMAND

The Plaintiffs, William J. Connors, Fred A. Barnette and H. Spencer Everett, Jr. hereby demand a Trial by Jury on all issues stated herein.

This the 9th day of December, 2009.

_____    _____    _____
William J. Connors          Fred A. Barnette           H. Spencer Everett, Jr.
Plaintiff                   Plaintiff                  Plaintiff

We, William J. Connors, Fred A. Barnette and H. Spencer Everett, Jr., each being first duly sworn, deposes and says that they are the Plaintiffs in the above entitled action, that each has read the foregoing Complaint and knows the contents thereof; that the same are true of their own knowledge, except as to those matters and things stated upon information and belief, and as to those things each believes them to be true.

SWORN TO AND SUBSCRIBED BEFORE ME, A NOTARTY PUBLIC, THIS THE 9th DAY OF December, 2009

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: August 1, 2011

7

Dec. 11. 2009  5:23PM    THE McGOUGAN LAW FIRM                          No. 6491    P. 11

# STATE OF NORTH CAROLINA

**New Hanover** County                                                      File No.

FILED

2009 DEC -9  PM 4:04

NEW HANOVER CO. C.S.C.

BY:_____

In The General Court Of Justice
☐ District  ☒ Superior Court Division

## GENERAL CIVIL ACTION COVER SHEET
☒ INITIAL FILING    ☐ SUBSEQUENT FILING

Rule 5(b), Rules of Practice For Superior and District Courts

**Name And Address Of Plaintiff 1**
William J. Connors
1321 South Moorings Drive
Wilmington, NC 28405

**Name And Address Of Plaintiff 2**
Fred A. Barnette
1924 London Lane
Wilmington, NC 28405

VERSUS

**Name Of Defendant 1**
James D. Hundley

**Name Of Defendant 2**
P. Peter Fensel, Jr.

**Summons Submitted**
☒ Yes  ☐ No

**Summons Submitted**
☒ Yes  ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)

**Telephone No.** 910-509-1736
**Cell Telephone No.** 910-619-3975
**NC Attorney Bar No.**
**Attorney E-Mail Address**

☒ Initial Appearance in Case    ☐ Change of Address

**Name Of Firm**
William J Connors; Fred A Barnette & H. Spencer Everett Jr Pro Se
**FAX No.**
910-509-1736

**Counsel for**
☒ All Plaintiffs  ☐ All Defendants  ☐ Only (List party(ies) represented)

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

### TYPE OF PLEADING
(check all that apply)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Answer/Reply (ANSW-Response)
☒ Complaint (COMP)
☐ Confession of Judgment (CNFJ)
☐ Counterclaim vs. (CTCL)
    ☐ All Plaintiffs  ☐ Only (List on back)
☐ Crossclaim vs. (List on back) (CRSS)
☐ Extend Statute of Limitations, Rule 9 (ESOL)
☐ Extend Time For Answer (MEOT-Response)
☐ Extend Time For Complaint (EXCO)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Third Party Complaint (List Third Party Defendants on Back) (TPCL)
☐ Other: (specify)

### CLAIMS FOR RELIEF FOR:
(check all that apply)
☐ Administrative Appeal (ADMA)
☐ Appointment of Receiver (APRC)
☐ Attachment/Garnishment (ATTC)
☐ Claim and Delivery (CLMD)
☐ Collection on Account (ACCT)
☐ Condemnation (CNDM)
☒ Contract (CNTR)
☐ Discovery Scheduling Order (DSCH)
☐ Injunction (INJU)
☐ Medical Malpractice (MDML)
☐ Minor Settlement (MSTL)
☐ Money Owed (MNYO)
☐ Negligence - Motor Vehicle (MVNG)
☒ Negligence - Other (NEGO)
☐ Motor Vehicle Lien G.S. 44A (MVLN)
☐ Limited Driving Privilege - Out-of-State Convictions (PLDP)
☐ Possession of Personal Property (POPP)
☐ Product Liability (PROD)
☐ Real Property (RLPR)
☐ Specific Performance (SPPR)
☐ Other: (specify)

**A TRUE COPY**
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY

_____ Trudy, Clerk Superior Court

NOTE: Small claims are exempt from cover sheets.

**Date** December 9, 2009

**Signature Of Attorney/Party**

NOTE: The initial filing in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a formal prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a cover sheet or the filing must comply with G.S. 7A-34.1.

AOC-CV-751, Rev. 12/08, © 2008 Administrative Office of the Courts    (Over)

Dec. 11. 2009  5:24PM    THE McGOUGAN LAW FIRM    No. 6491    P. 12

| No. | ☒ Additional Plaintiff(s) |
|---|---|
| 3 | H. Spencer Everett, Jr.; 1511 Pembroke Jones Drive; Wilmington, NC 28405 |
| | |
| | |
| | |
| | |
| | |

| No. | ☒ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| 3 | H Thompson King III | ☒ Yes ☐ No |
| 4 | R. Allen Rippy | ☒ Yes ☐ No |
| 5 | Frederick Willetts III | ☒ Yes ☐ No |
| 6 | O Richard Wright Jr. | ☒ Yes ☐ No |
| 7 | Cooperative Bankshares, Inc. | ☒ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

Plaintiff(s) Against Whom Counterclaim Asserted

Defendant(s) Against Whom Crossclaim Asserted

AOC-CV-751, Side Two, Rev. 12/09
© 2009 Administrative Office of the Courts

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 09-06989-8-JRL |
| COOPERATIVE BANKSHARES, INC. | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that she is over eighteen (18) years of age and the **NOTICE OF REMOVAL** was this day served upon the below named persons, parties and/or counsel by mailing, postage prepaid, first class mail, a copy of such instruments to such persons, parties and/or counsel listed below

William J. Connors
Fred A. Barnett
H. Spencer Everett, Jr.
1321 South Moorings Dr.
Wilmington, NC 28405

New Hanover County Clerk of Superior Court
316 Princess St
Wilmington, NC 28401

Vaiden P. Kendrick
310 North Front Street, Suite 250
Wilmington, NC 28401

Dated: December 16, 2009.

/s/ Carly S. Coe
Carly S. Coe, Paralegal
Howard, Stallings, From & Hutson, P.A.
P.O. Box 12347
Raleigh, NC 27605-2347
Telephone: (919) 821-7700
Facsimile: (919) 821-7703